UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NATHANIEL LANGSTON,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　**DECISION & ORDER**
　　　　　　　　　　　　Petitioner,　　　　　　:　　11-cr-814 (WFK)
　　　　　　　　　　　　　　　　　　　　　　　:　　14-cv-6667 (WFK)
　　　　v.　　　　　　　　　　　　　　　　　　:　　15-cv-4723 (WFK)
　　　　　　　　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Respondent.　　　　　:
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court are two *pro se* motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 by Petitioner Nathaniel Langston ("Petitioner"). On September 12, 2014, Petitioner was sentenced to twenty-four (24) months' imprisonment to be followed by three (3) years of supervised release. Petitioner now seeks to correct his sentence on the basis of due process violations and ineffective assistance of counsel pursuant to the Sixth Amendment. For the reasons discussed below, Petitioner's motions to vacate, set aside, or correct his sentence are DENIED in its entirety.

## BACKGROUND

### I.　　The Offense Conduct, Guilty Plea, and Sentencing

On October 10, 2008, Petitioner was sentenced to fifty-seven (57) months' imprisonment and three (3) years of supervised release for cocaine distribution in the Northern District of West Virginia. Dkt. 1[1] ("Transfer") at 2. On December 7, 2011, jurisdiction over Petitioner's supervised release was transferred to the Eastern District of New York. *Id.* at 1. On December 8, 2011, this Court accepted jurisdiction. Dkt. 2 ("Acceptance"). Shortly thereafter, Petitioner violated the conditions of his supervised release and was sentenced to twelve (12) months' imprisonment and three (3) years of supervised release on September 5, 2015. *See* Dkt. 8; Dkt. 9.

---

[1] All references to the Docket herein are to the Docket of 11-CR-814 unless otherwise specified.

1

On December 26, 2013, Petitioner was charged with violating the following conditions of his supervised release: (1) drug use, (2) failure to attend a substance abuse treatment program, and (3) changing his residence without notifying his probation officer. Dkt. 25 at 2-4. On April 3, 2014, three additional violations were added: (4) possession of a controlled substance, (5) new criminal conduct, and (6) unauthorized travel outside the judicial district. Dkt. 31 at 2-4.

On September 12, 2014, Petitioner pled guilty to the violation charging him with new criminal conduct for selling a $40 package of marijuana to an undercover police officer and for selling an ounce of marijuana to an undercover police officer for $325. Dkt. 38 ("Transcript") at 5-9; Dkt. 39 ("Sentencing Minute Entry") at 2; Dkt. 31 at 3. That same day, Petitioner was sentenced to twenty-four (24) months' incarceration to be followed by three (3) years of supervised release. Transcript at 34-35; Sentencing Minute Entry at 2.

## II. The Instant Motions to Vacate, Set Aside, or Correct Petitioner's Sentence

On September 29, 2014, Petitioner filed an appeal of his sentence to the Second Circuit Court of Appeals (the "Second Circuit"). Dkt. 42. On August 11, 2015, the Second Circuit affirmed Petitioner's sentence, stating Petitioner's sentence was authorized by statute. Dkt. 45.

On November 10, 2014, Petitioner filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing (1) he was sentenced outside the range specified by statute and by the United States Sentencing Guidelines, which Petitioner argues allow a maximum sentence of three years, because he has "a life term of supervised release which allows [his] maximum term of imprison[ment] to be reinstated as many times as up to life[,]" resulting in him serving one hundred and nine (109) months of imprisonment and supervised release combined; (2) he was given "a lifetime of supervised release when [he] was initially sentenced to 36 months"; and (3) he is "suffering from multiple punishments" and "was denied credit for time served in official

detention[,]" in violation of his rights against Double Jeopardy. Dkt. 1 in 14-CV-6667 ("First Motion") at PDF 3-12. On August 11, 2015, Petitioner filed a second *pro se* motion to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of trial counsel. Dkt. 46 ("Second Motion"). In his second motion, Petitioner argues he was denied the effective assistance of trial counsel at his guilty plea and sentencing because: (1) trial counsel threatened him with a more severe sentence to induce him to plead guilty, and (2) trial counsel advised Petitioner that the Court could only sentence him to a maximum sentence of three (3) years combined incarceration and supervised release to induce him to plead guilty. Second Motion at PDF 4. Petitioner's motion includes an attached email between Petitioner and trial counsel as support for Petitioner's argument. Second Motion at PDF 5.

On November 9, 2015, this Court held a non-evidentiary hearing on both of Petitioner's § 2255 motions challenging his sentence pursuant to 28 U.S.C. § 2255. Dkt. Entry Dated 11/09/2015 in 15-CV-4723. At the hearing, the Court reserved its decision on Petitioner's motions to correct his sentence and ordered the parties to submit proposed findings of fact and conclusions of law by December 11, 2015. *Id.*; *see also* Dkt. 47 ("Scheduling Order"). On December 9, 2015, Petitioner submitted a letter in which he attached e-mails from his counsel that he argued proved his ineffective assistance of counsel claim. Dkt. 48 ("P. Letter") at 1. On December 11, 2015, the Government submitted a letter setting forth its proposed findings of fact and conclusions of law. Dkt. 49 ("Govt Letter").

Based on the Court's non-evidentiary hearing, the materials submitted by both parties, and for the reasons discussed directly below, Petitioner's § 2255 motions to correct his sentence are DENIED in their entirety.

## ANALYSIS

### I. Petitioner's Claims Asserted in his First § 2255 Motion Fail.

In his first § 2255 motion, Petitioner argues his sentence is unauthorized by statute and the Guidelines and it violates his rights against Double Jeopardy by improperly denying him credit for time served. First Motion at PDF 3-12. These arguments were rejected by the Second Circuit on August 11, 2015. Dkt. 45. The Court rejects Petitioner's claim on this ground for the same reasons described in the Second Circuit's mandate. *See id.* Petitioner's §2255 claim on these grounds is accordingly DENIED.

### II. Petitioner's Ineffective Assistance of Trial Counsel Claim Also Fails

Petitioner challenges his sentence in his second § 2255 motion on the grounds of ineffective assistance of trial counsel pursuant to the Sixth Amendment because: (1) his trial counsel allegedly threatened him with a more severe sentence to induce him to plead guilty, and (2) Petitioner's trial counsel advised him that he could only be sentenced to a maximum of three (3) years combined incarceration and supervised release. Second Motion at PDF 4.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. "Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a Petitioner must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' . . . and (2) he must show that 'the deficient performance prejudiced the defense[.]'" *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential[;] . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the Petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

A district court need not conduct an evidentiary hearing where the record is sufficient to deny the petition. As the Second Circuit has stated:

> It is within the district court's discretion to determine whether a hearing is warranted. Among the wealth of materials available to the district court at its direction are the trial record, letters, documents, exhibits, affidavits[,] and written interrogatories. After expanding the record, the district court then decides if an evidentiary hearing also is required. Our precedent disapproves of summary dismissal of petitions where factual issues exists, but it permits a middle road of deciding disputed facts on the basis of written submissions.

*Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) (internal quotation marks and citations omitted).

Here, Petitioner's sole argument for his ineffective assistance of trial counsel claim is that "[trial counsel] . . . promised me in writing that I would receive no more than 2 years imprisonment; 1 year supervised release[.] Second Motion at PDF 4. Petitioner's argument, however, does not meet the standard set forth by *Strickland*.

5

Under the first prong of *Strickland*, the Court's review of the record does not support the claim of ineffective assistance of trial counsel. While Petitioner submitted an email from trial counsel containing incorrect advice, defense counsel affirms she corrected her advice prior to the guilty plea and never "threatened" Petitioner with a more severe sentence, but simply provided her professional opinion and told him his sentence was at the discretion of the Court. Govt Letter at Ex. B ("Aff.") at ¶¶ 4-6.

Furthermore, under the second prong of *Strickland*, Petitioner fails to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The evidence that Petitioner was guilty of new criminal conduct charged in the Violation of Supervised Release Report was overwhelming and included a videotape of Petitioner selling marijuana to an undercover New York Police Department Officer. *See* Dkt. 31 at 3; Govt Letter at ¶¶ 9-16. Accordingly, Petitioner fails to meet the *Strickland* standard, and his § 2255 motion on this ground must also be DENIED.

## CONCLUSION

Petitioner's motions to correct his sentence pursuant to 28 U.S.C. § 2255 are DENIED in their entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

SO ORDERED
s/William F. Kuntz, II
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2015
Brooklyn, New York